# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| FMBC Investments, LLC, | ) Case No: 3:21-bk-01880 |
| | ) Judge Walker |
| Debtor. | ) |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: MAY 17, 2022**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: MAY 25, 2022 at 11:00 A.M. via Zoom Video: https://www.zoomgov.com/j/16086357633, Meeting ID 160 8635 7633**

## NOTICE OF MOTION FOR ORDER APPROVING SALE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363

The Debtor has asked the Court to authorize the sale of certain real property, more fully described in the attached motion, free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. § 363.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

| | | |
|---|---|---|
| Date: April 26, 2022 | Signature: | /s/ Griffin S. Dunham |
| | Name: | Griffin S. Dunham |
| | Address: | 2416 21st Avenue South, Suite 303 |
| | | Nashville, TN 37212 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| FMBC Investments, LLC, ) | Case No: 3:21-bk-01880 |
| ) | Judge Walker |
| Debtor. ) | |

## MOTION FOR ORDER APPROVING SALE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363

Pursuant to 11 U.S.C. § 363, § 365, and Rule 6004 of the Federal Rules of Bankruptcy Procedure, FMBC Investments, LLC (the "Debtor") hereby files this motion (the "Motion") seeking an order approving the sale of certain real estate located at 2404, 2500, 2518, and 0 West Heiman Street, Nashville, Tennessee 37208 (collectively, the "West Heiman Properties"), identified on Exhibit A attached hereto, to M2 Development Partners, LLC ("M2"), 501 Commerce Street, Suite 1650, Nashville, Tennessee 37203, free and clear of liens, claims, and encumbrances. In support hereof, the Debtor states as follows:

### I. BACKGROUND

1. On June 18, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief, thereby commencing this case under Chapter 11, Title 11, United States Code, in the United States Bankruptcy Court for the Middle District of Tennessee (the "Court").

2. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its affairs as debtor-in-possession.

3. No trustee or examiner has been appointed in this case.

4. The Debtor is indebted to Garry W. McNabb ("McNabb") pursuant to that certain *Secured Non-Recourse Promissory Note*, dated May 29, 2020, (the "Note") (*see* Dkt. 15-4), with an outstanding balance, as of the Petition Date, of $2,105,753.32.

5. In connection with the Note, the Debtor and McNabb executed that certain *Deed of Trust and Security Agreement*, dated May 29, 2020, (the "Deed of Trust") (*see* Dkt. 15-3), and that certain *Collateral Loan Agreement*, dated May 29, 2020, (the "CLA") (*see* Dkt. 15-1). Pursuant to the Deed of Trust and the CLA, McNabb was granted a first priority lien (the "Lien") on the West Heiman Properties. The Deed of Trust was later recorded with the Davidson County Register of Deeds on June 2, 2020, as Instrument No. 20200602-0056438.

6. The Debtor does not dispute the validity or perfection of the Lien. The Debtor further does not dispute that McNabb has a first priority security interest in the West Heiman Properties. McNabb and the Debtor are engaged in a dispute that is more fully set forth in Docket Nos. 15 and 27, the contents of which are incorporated herein. The Debtor summarizes the dispute as (i) McNabb taking the position that prior to the Petition Date, McNabb exercised a certain right to convert the debt owed to McNabb by the Debtor into equity in the West Heiman Properties, and (ii) the Debtor taking the position that McNabb failed to exercise such a right and further has not waived any security interest in the West Heiman Properties, which results in McNabb being a creditor of the Debtor without an ownership interest in the West Heiman Properties. This dispute is pending resolution by the Court.

7. The Debtor has determined in its business judgment that a sale of the West Heiman Properties as set forth herein is in the best interest of its creditors and the estate. The Debtor previously requested approval from the Court to sell the West Heiman Properties to Mack Props, LLC for $7.5 million. *See* Docket No. 39. McNabb filed a limited objection to the prior motion. *See* Docket No. 44. The Court approved the prior sale in connection with an agreed order approved by the Court, the Debtor, and McNabb. *See* Docket No. 61. Prior to closing, Mack Props, LLC terminated the purchase contract.

8. After Mack Props, LLC terminated the contract, the Debtor placed the West Heiman Properties on the market. After conferring with multiple parties, the Debtor is convinced the sale of the West Heiman Properties to M2 is the highest and best offer for the West Heiman Properties and will yield the highest amount of proceeds. In fact, such a sale to M2 will allow the Debtor to repay all creditors in full.

9. The Debtor desires to sell the West Heiman Properties under the terms and conditions set forth in that certain *Purchase and Sale Agreement*, dated April 15, 2022, (the "Purchase and Sale Agreement") attached hereto as Exhibit A (filed separately under seal pursuant to a confidentiality provision contained in the Purchase and Sale Agreement). Specifically, the Debtor proposes to sell M2 the West Heiman Properties for $7,700,000, with net proceeds being reduced for a proration of taxes (*see* Section 6.3 of Exhibit A), and real estate commissions in an amount equal to 3% up to a purchase price of $5 million and 2% for all amounts in excess thereof (*see* Section 8.1 of Exhibit A and the *Motion to Employ Real Estate Agent* filed contemporaneously herewith).

10. The sale to M2 requires the Debtor to provide good and marketable title to the West Heiman Properties, free and clear of all liens, claims, and encumbrances of any kind whatsoever. The Debtor shall deliver to any purchaser at or before the closing a FIRPTA form, an IRS 1099 form, a closing statement, and a special warranty deed conveying title to the West Heiman Properties, free and clear of all liens, encumbrances, easements, and restrictions, except the certain permitted exceptions.

## II. RELIEF REQUESTED

11. By this Motion, the Debtor seeks entry of an order approving the sale of the West Heiman Properties on the terms and conditions set forth herein and pursuant to Exhibit A hereto, and granting other relief, including a finding that the sale is in good faith as contemplated by Section

3

Case 3:21-bk-01880    Doc 78    Filed 04/26/22    Entered 04/26/22 18:51:18    Desc Main Document    Page 4 of 9

363(m) of the Bankruptcy Code.

12. Section 363 of the Bankruptcy Code authorizes a debtor in possession "after notice and a hearing . . . to use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 365(a) of the Bankruptcy Code authorizes a debtor to assume a pre-petition executory contract, which in this case is the Purchase and Sale Agreement.

13. Pursuant to Section 363(f)(2) of the Bankruptcy Code, the Debtor believes that McNabb consents to the sale of the West Heiman Properties to M2; provided, however, that McNabb will request a segregation of funds that are at dispute between the Debtor and McNabb. Specifically, in connection with the prior motion that proposed a sale of the West Heiman Properties to Mack Props, LLC, the Debtor and McNabb agreed that $6,604,950.00 (defined as the "Disputed Funds") would be escrowed and segregated pending a final order issued pursuant to McNabb's motion for relief from the automatic stay. *See* Docket Nos. 15 (McNabb's motion for relief from the automatic stay) and 61 (agreed order granting the prior sale motion to Mack Props, LLC). Prior to a hearing on this motion, counsel for the Debtor will confer with counsel for McNabb regarding the terms of an order granting the relief requested herein.

14. The Debtor further seeks the protections afforded to a purchaser with regard to sale transactions under Section 363(m) of the Bankruptcy Code, which provides that the reversal or modification on appeal of the Court's authorization of a sale or lease of property does not affect the validity of the sale or lease if the entity that purchased or leased the property did so in good faith. Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between the purchaser and other offerors, or an attempt to take grossly unfair advantage of other offerors. *In re Abbotts Dairies,* 788 F.2d 143, 147 (3d Cir. 1986).

4

Case 3:21-bk-01880    Doc 78    Filed 04/26/22    Entered 04/26/22 18:51:18    Desc Main
Document    Page 5 of 9

15. The Debtor submits that the proposed method of conducting the sale is reasonable, appropriate, and designed to ensure fairness. Unless specifically disputed at the hearing approving this Motion, the Debtor requests that the sale should be entitled to the protections of Section 363(m) of the Bankruptcy Code. If the good faith of the Debtor or M2 is disputed, the Debtor requests that such dispute be determined at the hearing on this Motion.

16. The Debtor requests that the Court allow the sale to be consummated immediately pursuant to Bankruptcy Rule 6004(h).

WHEREFORE, the Debtor respectfully requests the Court enter an order (a) approving the sale of the West Heiman Properties; (b) finding that the Debtor and M2 have proceeded in good faith; (c) authorizing payment of all amounts required to satisfy existing liens and/or encumbrances; (d) authorizing the Debtor to retain certain net proceeds of the sale in trust pending further Court order; (e) authorizing the sale to be consummated immediately as authorized by Bankruptcy Rule 6004(h) that waives the 14-day stay requirement; and (f) granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ Griffin S. Dunham
Griffin S. Dunham
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, Tennessee 37212
615.933.5850
griffin@dhnashville.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

      On April 26, 2022, a copy of the foregoing was delivered to all parties who receive CM/ECF notices in this case and delivered to all creditors required to receive service pursuant to Federal Rule of Bankruptcy Procedure 2002 via regular mail.

                                              /s/ Griffin S. Dunham
                                              Griffin S. Dunham

6

Case 3:21-bk-01880　　Doc 78　　Filed 04/26/22　　Entered 04/26/22 18:51:18　　Desc Main Document　　　Page 7 of 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| FMBC Investments, LLC, ) | Case No: 3:21-bk-01880 |
| ) | Judge Walker |
| Debtor. ) | |

**ORDER APPROVING SALE FREE AND CLEAR OF LIENS, CLAIMS, <u>AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363</u>**

This matter is before the Court upon the Debtor's *Motion for Assumption of Purchase and Sale Agreement and Order Approving Sale Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363* (the "Motion"). In the Motion, the Debtor sought entry of an Order assuming a certain purchase and sale agreement (defined in the Motion as the "Purchase and Sale Agreement") and approving the sale of certain real property (defined in the Motion as the "West Heiman Properties") on the conditions therein to M2 Development Partners, LLC ("M2"), free and clear of liens, claims, and encumbrances. The Debtor provided notice of the Motion pursuant to Federal Rule of Bankruptcy Procedures 6004 and 9013 and Local Rule 9013-1. No objections were filed prior to the deadline of May 17, 2022. The Court hereby finds that the sale of the West Heiman Properties in accordance with the terms and conditions of the Purchase and Sale Agreement is in the best interests of the Debtor, the bankruptcy estate, and all creditors, and thus cause exists to grant the Motion. It is therefore ORDERED as follows:

1. The Motion is GRANTED.

2. The Debtor is authorized to sell the West Heiman Properties to M2 on the terms and conditions set forth in the Purchase and Sale Agreement. The sale of the West Heiman Properties shall be closed free of all liens, encumbrances, and interests of any kind. The sale of the West

Heiman Properties and M2 are hereby granted the protections of Section 363(m) of the Bankruptcy Code.

3. The Debtor is authorized to satisfy all costs related to closing that are contemplated by the Purchase and Sale Agreement, to include the payment of commissions, tax prorations, and other incidental closing costs that are ancillary to the closing process.

4. The Debtor shall hold in trust the net closing proceeds pending a determination by the Court regarding the extent of Garry W. McNabb's interest in the West Heiman Properties and the amounts owed to him in connection with a sale of the West Heiman Properties.

5. Notwithstanding Bankruptcy Rule 6004(h), and as specifically requested in the Motion, this Order shall take effect immediately upon entry.

IT IS SO ORDERED.

THIS ORDER WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

/s/ Griffin S. Dunham
Griffin S. Dunham
DUNHAM HILDEBRAND, PLLC
2416 21st Ave. South, Suite 303
Nashville, Tennessee 37212
615.933.5850
griffin@dhnashville.com
*Counsel for the Debtor*